UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                Case No.  08-CR-20504

vs.

                                HON. GEORGE CARAM STEEH

JOSEPH A. BENNETT,

        Defendant.

_____/

<u>ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS [DOC. 16]</u>

Defendant Joseph Bennett has moved the Court to suppress evidence derived from a border stop, search, and interrogation which took place at the Blue Water Bridge at Port Huron, Michigan on August 8, 2008.  Mr. Bennett, a Canadian citizen, was driving a commercial truck when he was stopped by U.S. Customs officers.  The Customs Officers received a positive match for Mr. Bennett using the Treasury Enforcement Communications System ("TECS"), a computerized database.  TECS indicated that Mr. Bennett might be involved in smuggling Ecstacy, so he was directed to a secondary examination.

Mr. Bennett's truck was run through a mobile BCIS unit, which scans the cargo area, looking for compartments which could be used to hide drugs.  The scan of the cargo area was negative.  Next, Customs Officers conducted a physical examination inside the cab of the truck and saw "worn screws" in the center dash area, and "pry marks" on the plastic center of the dash.  A canine officer and a dog searched the cab with negative results.  A Custom Officer then removed the center portion of the dash, finding a vacuum sealed bag containing pills, which turned out to be Ecstasy.

Further searching of the cab uncovered more vacuum sealed packages of pills.

Outside the cab, in storage containers, Customs Officers discovered two gym bags containing heat sealed bags of pills. Finally, two additional gym bags full of pills were discovered within the cab of the truck. In total, 88.14 kilograms of ecstacy was found in Mr. Bennett's truck.

Mr. Bennett was first stopped at 8:42 p.m., and the search of his truck was concluded at 12:40 a.m. The pills tested positively as Ecstacy at 1:00 a.m. At 1:35 a.m., ICE agents interviewed Mr. Bennett. Mr. Bennett argues that the search was an extended border search, or a nonroutine search, and therefore required reasonable suspicion, which was lacking in his case. Mr. Bennett further argues that even if the initial stop was justified by the TECS report, further investigation by the officers negated reasonable suspicion.

The Supreme Court has held that the expectation of privacy is less at our country's borders, than it is in the interior. United States v. Montoya de Hernandez, 473 U.S. 531, 538 (1985). The Court has held that government officers have complete authority to conduct warrantless routine searches at the border without probable cause or reasonable suspicion. United States v. Flores-Montano, 541 U.S. 149, 154-55 (2004).

Mr. Bennett's reference to an "extended border search" is inapplicable to this case. That term was used in reference to a search of an airport passenger after he successfully passed through Customs and was later stopped in another airport terminal. United States v. Yang, 286 F.3d 940, 949 (7th Cir. 2002). Mr. Bennett was in a secondary screening area at the border, and this does not constitute an extended border search.

Mr. Bennett also refers to a nonroutine search, citing United States v. Whitted,

541 F.3d 480, 487 (3rd Cir. 2008). That case, however, involved the search of private living quarters on a cruise ship, which is treated more like a residence. The Court recognizes a greater expectation of privacy in living quarters than it does in the cab of a commercial truck.

In this case a review of the testimony of Special Agent Julie Harris supports the search of Mr. Bennett's truck, and the subsequent interrogation of Mr. Bennett. Defendant's motion to suppress is DENIED.

So ordered.

Dated: February 10, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 10, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

3